Mr. Clay Fendley Attorney at Law 51 Wingate Drive Little Rock, AR 72205
Dear Mr. Fendley:
I am writing in response to your request for my opinion regarding the possible release of certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 through -109 (Repl. 2002 
Supp. 2005). Your request is made pursuant to A.C.A. §25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA
You state that you represent the Superintendent of the Atkins School District, who you report was suspended with pay on or about October 27, 2005, for the remainder of the school year. You have attached a copy of a FOIA request, which seeks "documents related to [the Superintendent's] suspension. . . ." In this regard, you have provided a packet of documents that you identify as having been prepared by the District in response to the FOIA request. Several of the documents are designated "Confidential." It is my understanding that the District intends to release the packet with the exception of those documents that it has identified as "Confidential." You express your disagreement with this determination, and you ask that I opine that all of the documents are exempt from disclosure pursuant to the "personnel records" exception (A.C.A. § 25-19-105(b)(12).
RESPONSE
It is my opinion that the custodian has correctly decided to release those documents that have been designated for release. But in my opinion, the custodian may have incorrectly decided to withhold the documents that have been marked "Confidential." I lack sufficient information to definitively decide this matter. If the documents that have been designated "Confidential" in fact constitute personnelrecords, as you appear to suggest, then it is clear in my opinion that the custodian's decision to withhold these "Confidential" documents is inconsistent with the FOIA because the test for withholding personnel records has not been met. If the "Confidential" documents are job performance records of the Superintendent, then the custodian's decision to withhold the records may also be inconsistent with the FOIA, although the question is ultimately one of fact.
DISCUSSION
With regard, first, to the documents that the District has provisionally decided to release, i.e., those that are not marked "Confidential," I believe it is clear that these are "personnel records" under the FOIA. This office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (a separate category of employee-related records discussed below), that pertain to individual employees. See Op. Att'y Gen. 2004-012. The records in question plainly fall into this category.
Such records are open to public inspection and copying, except to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court has construed the phrase, however, and has adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
It must also be recognized, however, as the court noted in Stilley v.McBride, 332 Ark. 306, 312, 965 S.W.2d 125 (1998), that when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial."
Finally, given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure under this balancing test to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Op. Att'y Gen. 2005-004 (and opinions cited therein).
Turning to the documents in question which the District intends to release, it is my opinion that the public has a substantial interest in these records that is sufficient to outweigh any privacy concerns, with the possible exception of home address information. I have previously opined that the home addresses of school employees can, under certain factual circumstances, be deemed private under the "clearly unwarranted" test. See, e.g., Op. Att'y. Gen. 2003-364 (discussing the traditional balancing test under Stilley, supra, and concluding that the same reasoning therein regarding the heightened potential for the harassment and endangerment of police officers as a consequence of releasing home addresses might apply to a public school employee, particularly if the employee is a principal or teacher). Given the apparent status of the employees at issue in this instance, I believe the custodian might similarly decide to redact the home address information from these documents following this analysis.
With the possible exception, therefore, of home address information, the records in my view contain no information that would rise to the level of a "clearly unwarranted invasion of personal privacy" if disclosed. I recognize in this regard that it is your contention that releasing the documents in response to this particular FOIA request would suggest wrongdoing, and consequently the documents are exempt under the "clearly unwarranted" test. However, I do not believe this is a proper consideration under A.C.A. § 25-19-105(b)(12). While such a concern might have factored into the legislature's adoption of the exception for evaluation records,[1] in my opinion it does not bear on the personnel records exception. The fact remains that the District has provided these documents in response to a request for records pertaining to the suspension; and with the possible exception of home addresses discussed above, they contain no intimate information of the sort protected by §25-19-105(b)(12). Compare Young and Stilley, supra (regarding the types of factors that have been identified as implicating a substantial privacy interest). Accordingly, they are subject to disclosure in my opinion.
As for the documents that have been marked "Confidential" which the District intends to withhold, you have stated that these documents are not evaluation or job performance records because they were not created by the District. I must note, however, that the employee evaluation exception also applies to records created at the behest of a public employer. See Op. Att'y Gen. 2004-320 (and opinions cited therein). Because I an unaware whether the documents at issue were created at the behest of the District, and I have no information regarding the basis for the District's provisional decision to shield them, I cannot definitively opine as to correctness of that decision. I can only note the possible applicability of A.C.A. § 25-19-105(c)(1), which dictates that employee evaluations be released only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2005).
If the "Confidential" documents were in fact created at the behest of the District such that they constitute evaluation or job performance records, then several additional factual issues must be resolved in addressing the above three-part test for disclosure. As an initial matter, it is necessary to determine whose job performance records are at issue. I note that these documents pertain to several employees. As to those individuals who have not been suspended or terminated, the evaluation or job performance records of such persons remain closed under this test. See n. 1, supra. A different question is presented, however, as to the Superintendent who was suspended. If that suspension is final for purposes of § 25-19-105(c)(1), then the question focuses on whether the record(s) formed a basis for the decision to suspend, and whether there is a compelling public interest in disclosure. Based upon my review of the documents you have supplied me, I believe a compelling public interest in disclosure in all likelihood exists. However, the custodian must ultimately make the final determination under § 25-19-105(c)(1) based upon a consideration of all the facts.
If the facts indicate that the "Confidential" documents are, on the other hand, not properly classified as evaluation/job performance records, then for the reasons discussed above, it is my opinion that they are subject to release as personnel records. This conclusion follows, in my view, from the fact that they do not contain the type of intimate information that typically gives rise to a substantial privacy interest under the personnel records test.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] As noted, infra, employee evaluation and job performance records are insulated unless the employee has been suspended or terminated by final administrative action, and only then if a "compelling public interest" dictates disclosure. A.C.A. § 25-19-105(c)(1). This FOIA exception has been described as promoting candor in a supervisor's evaluation of an employee with a view toward correcting any deficiencies. See J. Watkins, The Arkansas Freedom of Information Act
(mm Press, 3d ed. 1994) at 141-142.